(No. 3848 and No. 3849—)

CARL F. JESSE and JAMES R. CARPENTER, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

PENCE B. ORR, of Joliet, Illinois, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN and C. ARTHUR NEBEL, Assistants Attorney General, for respondent.

██

ECKERT, C. J.

On June 12, 1945, at a special term of this court, an opinion was rendered in the consolidated case of Marie McAsey, Administratrix of the Estate of Edward J. McAsey, deceased, Carl F. Jesse, and James R. Carpenter, Claimants, vs. State of Illinois, Respondent, Nos. 3847, 3848, and 3849. An award was made to Marie McAsey, as Administratrix of the Estate of Edward J. McAsey, deceased, but the claims of Carl F. Jesse and James R. Carpenter were continued for consideration of further evidence as to the extent of the disabilities of the respective claimants. The facts are fully set forth in the former opinion.

Since the entry of that decision, further hearing was had on the Jesse and Carpenter claims, and further evidence was presented to establish the extent of their respective injuries. The court is now of the opinion that Carl F. Jesse, as a result of his injury, sustained a 16%

loss of vision in both eyes, and is entitled to an award for such loss. He has failed, however, to establish a causal connection between an alleged loss of hearing in his left ear and the injury in question, and has failed to prove a serious and permanent disfigurement to his face. A compensable disfigurement must not only be permanent and serious, but must be such a disfigurement as affects a person's employment. Where a person is able to procure employment similar to that in which he was engaged at the time of the injury which caused the disfigurement, with no reduction of earnings, an award is not justified. *(Tyler* vs. *State of Illinois,* 12 C. C. R. 101.)* Claimant Jesse's present employment is the same as his employment at the time of the injury, at an increased salary. Furthermore, the photographs offered in evidence indicate no disfigurement that would affect his employment. No award can be made for loss of hearing or for disfigurement.

The court is also now of the opinion that James R. Carpenter, as a result of his injury, suffered a 28% loss of vision in both eyes, and is entitled to an award for such loss. His injury also necessitated the extraction of his upper teeth, and the insertion of a plate, at a total cost of $260.00, for which an award may properly be made.

Claimant Jesse's earnings for the year immediately preceding his injuries were $1,908.00, or an average weekly wage of $36.69. He had three children under sixteen years of age dependent upon him for support. His compensation rate is, therefore, $18.00 per week. The injury having occurred after July 1st, 1939, this must be increased 10%, making a total compensation rate of $19.80. For the loss of sight of an eye, or for the permanent and complete loss of its use, claimant would be

entitled to 50% of his average weekly wage for 120 weeks. Since he has suffered a 16% loss of use of both eyes, he is entitled to an award of $19.80 per week for a period of 38.4 weeks, or the sum of $780.32.

Claimant Carpenter's earnings for the year immediately preceding his injuries were $2,328.00, or an average weekly wage of $44.77. He had no children under sixteen years of age dependent upon him for support. His compensation rate is, therefore, $15.00 per week. The injury having occurred after July 1st, 1939, this must be increased 10%, making a total compensation rate of $16.50. For the loss of sight of an eye, or for the permanent and complete loss of its use, claimant would be entitled to 50% of his average weekly wage for 120 weeks. Since he has suffered a 28% loss of use of both eyes, he is entitled to an award of $16.50 per week for a period of 67.2 weeks, or the sum of $1,108.80. To this must be added the necessary dental charges in the amount of $260.00, making a total of $1,368.80.

Julia Z. Hertz, Court reporter, of Joliet, Illinois, is entitled to payment of $25.00 for reporting the testimony at the hearing on December 28, 1945.

An award is therefore entered in favor of claimant, Carl F. Jesse in the amount of $760.32 payable forthwith, and an award is entered in favor of claimant, James R. Carpenter in the amount of $1,368.80 payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".